STATE OF INDIANA ) IN THE ALLEN SUPERIOR COURT
) §: **02D03-2001-CT-000064**
COUNTY OF ALLEN ) CAUSE NO. Allen Superior Court 3

KRYSTAL THAYER, )
)
    Plaintiff, )
)
v. )
)
LINCOLN FINANCIAL GROUP, )
)
    Defendant. )

## COMPLAINT

Plaintiff, by counsel, alleges against Defendant that:

1. The Plaintiff is Krystal Thayer ("Plaintiff"), a qualified resident of Fort Wayne, Allen County, Indiana.

2. Plaintiff contends that she was discriminated against and retaliated against on the basis of his disability/perceived disability, in violation of her federally protected rights under the Americans With Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.* ("ADA").

3. The Defendant is Lincoln Financial Group., a company doing business at 1300 S. Clinton Street, Fort Wayne, Allen County, Indiana, and with a registered agent address of Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204. Defendant is an "employer" for the purposes of the ADA.

4. At all times material to this Charge, Plaintiff performed within the reasonable expectations of her employer, as a Senior Financial Processor.

5. On or about March 21, 2019, Plaintiff filed Charge of Discrimination EO-0059-A19, with the Metropolitan Human Relations Commission, which was jointly filed with the Equal Employment Opportunity Commission ("EEOC"), as 24D-2019-00091, a copy of which

is attached hereto and made a part hereof as Exhibit A. The EEOC issued a Dismissal and Notice of Rights/Notice of Suit Rights on November 14, 2019, which was received by representative counsel on November 18, 2019, a copy of which is attached as Exhibit B, and this Complaint has been filed within 90 days after receipt.

6. Plaintiff has been employed by Defendant since on or about August, 2015 until her termination from employment on or about March 8, 2019.

7. In March 2018, Plaintiff requested a stand-up desk due to issues she was having at work, and after providing a doctor's note, the Defendant provided the stand-up desk.

8. On or about August 8, 2018, after Plaintiff continued to have problems, the doctor took her off work, and Plaintiff requested FMLA leave, which was granted by Defendant.

9. On or about September, 2018, the Plaintiff filed for short-term disability, but that claim was deemed denied by Defendant. An appeal of that decision was also denied.

10. The Plaintiff's doctor once again took her off work, and provided a note stating she can not sit stationary more than 4 hours at a time. Plaintiff requested to be considered for a different position, and Plaintiff applied for several positions which would not require long-term stationary work.

11. The Defendant offered an accommodation of providing an extra 15 minute per day break in addition to the two 15-minutes breaks, and the 45-minute lunch break, which would meet the requirements of not sitting stationary for longer than 4 hours at a time.

12. On or about January, 2019, Plaintiff submitted another doctor's note in which the doctor indicated she should not do any repetitive keyboard or mouse work, and took her off work.

13. Defendant offered software which was voice-activated, and which had been successfully used with other employees to accommodate similar requests to Plaintiff. Plaintiff and her physician both declined the accommodation, stating that the only accommodation that would be reasonable would be a change in position.

14. Plaintiff was terminated on or about March 8, 2019.

15. Plaintiff contends that Defendant refused to reasonably accommodate or to appropriately participate in the interactive process, and denied Plaintiff a reasonable accommodation of moving her into another position with Lincoln.

16. Plaintiff contends that Defendant's actions are discriminatory and retaliatory and based upon the Plaintiff's disability/perceived disability, in violation of her federally protected rights under the ADA. As a result of the discriminatory and retaliatory behaviors, Plaintiff has suffered embarrassment, emotional distress, and other damages and injuries. Plaintiff was able to secure employment to mitigate damages since her termination. Plaintiff is entitled to seek compensatory damages.

17. Furthermore, Defendant's discriminatory and retaliatory behaviors were intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights, warranting an imposition of punitive damages.

18. Plaintiff alleges that she was intentionally fired by Defendant out of retaliation for being injured on the job and pursuing worker's compensation benefits; and following up with her physician regarding her worker's compensation injury (as required by Defendant). Defendant's termination of the Plaintiff violated the tort laws and public policies of the State of Indiana, and Plaintiff is entitled to compensatory and punitive damages.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for lost wages, front pay, compensatory damages, punitive damages, reasonable attorneys' fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Indiana Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-00712
E-mail: cmyers@myers-law.com
Counsel for Plaintiff

02D03-2001-CT-000064
Allen Superior Court 3

Filed: 1/30/2020 12:16 PM
Clerk
Allen County, Indiana

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[X] EEOC | EO-0059-A19<br>24D-2019-00091 |

City of Fort Wayne Metro Human Relations Commission and EEOC
*State or local Agency, if any*

**Name** (indicate Mr., Ms., Mrs.): Krystal Thayer
**Home Phone** (Incl. Area Code): (260) 437-6956
**Date of Birth**:

**Street Address**: 6106 Brandonwood Lane, Fort Wayne, IN 46835

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: LINCOLN FINANCIAL GROUP
**No. Employees, Members**: 201 - 500
**Phone No.**: (260) 455-2000
**Street Address**: 1300 S. Clinton Street, Fort Wayne, IN 46802

**DISCRIMINATION BASED ON**: [X] RETALIATION, [X] DISABILITY

**DATE(S) DISCRIMINATION TOOK PLACE**: Earliest 04-01-2018, Latest 03-08-2019
[X] CONTINUING ACTION

**THE PARTICULARS ARE**:

I am a qualified individual with a disability who has worked for Lincoln Financial Group since 2015. In February 2017, I accepted a position in a different department as a Senior Financial Processor. In March 2018, I requested a stand up desk to accommodate my disability. I was informed that I needed a doctor's note. I provided a note and received the desk two weeks later. However, my disability kept bothering me. On August 8, 2018, my doctor took me off work. In September 2018, I filed for short-term disability and my claim was denied. Therefore, my doctor took me off work and wrote a doctor's note stating I cannot work in the position because my disability will not allow me to sit at a desk for eight to ten hours a day. I appealed the decision in October 2018. However, when I appealed, the claim was again denied. I began looking for different positions within the company in November 2018. I applied for the Supervisor of Messenger Services and Producers Solutions positions and I did not get an interview for either position. In December 2018, I applied for a Customer Service Representative position and I did not get an interview. Respondent could have

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: Mar 21, 2019
Charging Party Signature: [signed] Krystal Thayer

NOTARY — When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT: [signed] Krystal Thayer

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year): 3/21/19

LAKISHA WOODS, Notary Public
Allen County, State of Indiana
Commission Number 637276
My Commission Expires August 1, 2020

Ex. A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | EO-0059-A19 24D-2019-00091 |

**City of Fort Wayne Metro Human Relations Commission** and EEOC
*State or local Agency, if any*

accommodated my disability by allowing me to transfer into one of those positions.

Based on the above, I believe I have been discriminated against because Respondent failed to accommodate my disability in violation of the Americans with Disabilities Act Amendments Act of 2008, and Fort Wayne Ordinance G-21-78, as amended.

Amended on March 21, 2019:
Since I filed my complaint with the Commission on December 27, 2018, I applied for seven more positions and was denied for all of them. I was also terminated on March 8, 2019.
Based on the above, I believe I have been discriminated against because Respondent failed to accommodate my disability and retaliated against in violation of the Americans with Disabilities Act Amendments Act of 2008, and Fort Wayne Ordinance G-21-78, as amended.

---

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Mar 21, 2019 <br> *Date*     *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Krystal Thayer<br>6106 Brandonwood Lane<br>Fort Wayne, IN 46835 | From: | Indianapolis District Office<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 24D-2019-00091 | Jeremy A. Sells,<br>State & Local Coordinator | (463) 999-1161 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Michelle Eisele*

November 14, 2019

| Enclosures(s) | Michelle Eisele,<br>District Director | (Date Mailed) |

cc:    **HR Director**<br>      **LINCOLN FINANCIAL GROUP**<br>      **1300 S. Clinton Street**<br>      **Fort Wayne, IN 46802**

      **Christopher C. Myers**<br>      **CHRISTOPHER C MYERS & ASSOCIATES**<br>      **809 South Calhoun Street, Suite 400**<br>      **Fort Wayne, IN 46802**



Ex. B



STATE OF INDIANA )  ALLEN SUPERIOR COURT
                       ) SS:
COUNTY OF ALLEN ) CAUSE NO. 02D03-2001-CT-64

KRYSTAL THAYER, )
    Plaintiff, )
                       )
vs. ) **ORDER SETTING CASE**
                       ) **MANAGEMENT CONFERENCE**
LINCOLN FINANCIAL GROUP, )
    Defendant. )

This cause has been assigned to <u>Judge Jennifer L. DeGroote</u>.

***PLAINTIFF IS DIRECTED TO SERVE A COPY OF THIS ORDER SETTING CASE MANAGEMENT CONFERENCE ON DEFENDANT(S).***

The parties or their attorneys to this action are hereby directed to appear before Jennifer DeGroote for a Case Management Conference on **<u>April 22, 2020, at 10:00 a.m. in Room 317,</u>** to consider, among other matters:

1. Appointment of a mediator and the scheduling of mediation;
2. Venue and jurisdiction;
3. Factual and legal contentions of the parties;
4. Contested and stipulated facts and legal issues;
5. Simplification of issues;
6. The types of discovery, and discovery deadlines;
7. Expert witnesses;
8. Dispositive motions and issues, and setting the motions for hearing;
9. Scheduling additional pre-trial conferences; and
10. Jury requests/waiver.

The Court now Orders that absent a separate Order to the contrary, all pleadings, motions, and requests for relief shall be set for hearing at the

Case Management Conference.[1]

**NOTE:** **You will not be permitted to enter the Allen County Courthouse with a cell phone or other electronic device unless you are an attorney with an approved Allen County identification badge. If you wish to obtain an identification badge, please call 260-449-3412.**

Each party must be represented at the Case Management Conference by the attorney who expects to try this case, who shall come with authority to agree upon a mediator, to stipulate issues and undisputed facts and, where possible, agree to the admission into evidence or waive any requirements for the formal proof of documentary evidence. **Counsel may attend the Case Management Conference telephonically by making arrangements in advance of the scheduled hearing by calling CourtCall at 888-882-6878.**

As a result of the Case Management Conference, the Court may limit the time to complete discovery or to file any pre-trial motions; set a date for any final pre-trial conference or other conference; and/or establish a schedule for the filing of any proposed pre-trial order, stipulations, or lists of witnesses and exhibits. The schedule established as a result of the Case Management Conference shall not be modified except by order of the Court upon a showing of good cause.

January 31, 2020

_____
JUDGE JENNIFER L. DEGROOTE

---

[1] However, if the motion is otherwise subject to Ind. Trial Rule 53.1, absent waiver of the time limitation set out in the Rule, the Court shall rule upon the motion at the Case Management Conference.